CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 19 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DONELL J. BLOUNT, SR., <br> Plaintiff, | ) <br> ) Civil Action No. 7:05CV00556 <br> ) |
| v. | ) **MEMORANDUM OPINION** <br> ) |
| GENE M. JOHNSON, et al., <br> Defendants. | ) By: Hon. Glen E. Conrad <br> ) United States District Judge |

The plaintiff, Donell J. Blount, Sr., a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. The case is presently before the court on the plaintiff's motion for default judgment. For the reasons set forth below, the plaintiff's motion will be denied.

### Procedural Background

The plaintiff originally asserted fourteen groups of claims against more than forty defendants. By opinion and order entered February 14, 2006, the court dismissed various claims and defendants, pursuant to 28 U.S.C. § 1915A(b)(1). The plaintiff subsequently filed a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure. Because the plaintiff's motion contained new allegations that were not included in his original complaint, the court construed the plaintiff's motion as a motion to amend. In the motion, the plaintiff alleged, in conjunction with his first claim, that Dr. Williams, D. Yates, P. Adams, C. Moore, and V. Phipps were aware that the plaintiff was vomiting blood and experiencing severe pain, yet chose to ignore the plaintiff's complaints for two weeks. The plaintiff also alleged, in conjunction with his fourteenth claim, that Lieutenant Rose violated his substantive due process rights by filing a false disciplinary charge against him, in retaliation for speaking out about the maltreatment of another prisoner. By order entered March 22, 2006, the court granted the motion to amend.

The majority of the institutional defendants filed a motion for summary judgment on May

22, 2006. That same day, the medical defendants filed a motion for summary judgment. On May 30, 2006, the plaintiff filed the instant motion for default judgment. The plaintiff argues that he is entitled to a default judgment, because the defendants failed to respond to claims one and fourteen, as amended on March 22, 2006.

The defendants have now filed responses to the plaintiff's motion for default judgment. The institutional defendants contend that Lieutenant Rose responded to the plaintiff's allegations regarding the false disciplinary charge in an affidavit submitted with their motion for summary judgment. The medical defendants explain that their attorney did not receive an electronic notice regarding the court's March 22, 2006 order granting the plaintiff's motion to amend, and that they did not become aware of that order until the plaintiff filed the motion for default judgment. Thus, the medical defendants request leave to amend their motion for summary judgment to include a response to the plaintiff's amended allegations of inadequate medical care.[*]

## Discussion

Having reviewed the record and the parties' arguments, the court will deny the plaintiff's motion for default judgment. Although the court has discretion to enter a default judgment under Rule 55(b) of the Federal Rules of Civil Procedure, default judgments are generally disfavored. Tazco, Inc. v. Director, Office of Workers Compensation Program, United States Dep't of Labor, 895 F.2d 949, 950 (4th Cir. 1990). In this case, Lieutenant Rose's affidavit, which was submitted with the institutional defendants' motion for summary judgment, clearly responds to the plaintiff's amended claim regarding the false disciplinary charge. Additionally, it appears that the medical

---

[*] The court will construe the medical defendants' request as a motion to amend their motion for summary judgment.

2

defendants did not receive adequate notice of the order granting the plaintiff's motion to amend, and that they were therefore unaware of the need to respond to the plaintiff's amended allegations of inadequate medical care. The medical defendants have since addressed the plaintiff's amended allegations in their response to the plaintiff's motion for default judgment. Given these circumstances and the strong federal policy favoring decisions on the merits, the court concludes that the plaintiff is not entitled to a default judgment.

For the reasons stated, the court will deny the plaintiff's motion for default judgment and grant the medical defendants' motion to amend their motion for summary judgment. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and counsel of record for the defendants.

**ENTER**: This 18th day of July, 2006.

*/s/ Judge Conrad*
United States District Judge